# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL CASE NO. 3:14-CR-266-B |
| | § | |
| JAVIER GUERRA (16) | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the referral of District Judge Jane Boyle, Doc. 1338, the undersigned now considers *Government's Motion to Disqualify Attorney Michael Todd*, Doc. 1337. Defendant filed a response in opposition, Doc. 1365, and a hearing was held on August 29, 2016. After considering the relevant pleadings, evidence and proffers, arguments of counsel, and applicable law, it is recommended that the motion be **DENIED**.

## BACKGROUND

There is little or no disagreement among the parties as to the relevant facts. Javier Guerra and Israel Vasquez are codefendants in the instant case. Attorney Michael J. Todd entered his appearance as attorney of record for Guerra at or about the time of Guerra's initial appearance on July 15, 2016. Doc. 278; Doc. 280. Previously, Attorney Todd has represented Guerra and Vasquez in other, separate criminal cases.

From September 2008 to February 2012, Attorney Todd represented Vasquez in a case before this Court, in which he was charged in Count One with conspiring to possess with the intent to distribute more than 500 grams of methamphetamine, and in Count Two with money laundering. *United States v. Hernandez*, 3:08-CR-268-B (N.D. Tex. 2008), Dkt. 1 (Indictment); Dkt. 74 (*Notice of Appearance*). On February 10, 2009, Vasquez pleaded guilty to both counts, but failed to appear for sentencing on October 19, 2010. Dkt. 401; Dkt. 477 at 17, 22. On

February 3, 2012, while Vasquez was still a fugitive, the Court granted Attorney Todd's motion to withdraw in which counsel averred that he had not been in contact with Vasquez since before the scheduled sentencing hearing. Dkt. 424; Dkt. 426. Vasquez was apprehended several years later, on or about May 18, 2016, and awaits sentencing in that case.

The instant case was initiated by the return of an indictment on July 9, 2014, charging four defendants, not including Vasquez or Guerra, with conspiring to possess and distribute heroin. Doc. 1. On June 23, 2015, a superseding indictment was returned charging only one of the original four defendants and 45 new defendants, including Vasquez and Guerra, with various drug trafficking offenses. Doc. 110. Vasquez was charged in Count One with conspiring to possess and distribute heroin and in Counts 15 and 16 with conspiring to commit money laundering. Doc. 110 at 2-3, 27-29. Guerra was charged in none of those counts, but only in Count Three with conspiring to possess and distribute methamphetamine. Doc. 110 at 5. Finally, on August 16, 2016, after the instant motion and the response thereto were filed, the grand jury returned a *Second Superseding Indictment*, charging only nine of the defendants named in the June 23, 2015 indictment, including Vasquez and Guerra.[1] Doc. 1405 at 1. Vasquez is again charged with conspiring to possess and distribute heroin (Count One) and to commit money laundering (Counts Eight and Nine), and is also charged, along with Guerra and others, with conspiring to possess and distribute more than 500 grams of a mixture and substance containing a detectable amount of methamphetamine, beginning on or about November 1, 2012, and continuing until on or about July 15, 2015, in violation of 21 U.S.C. §§ 846, 841(a)(1) and

---

[1] The only defendants charged by the second superseding indictment were those who had not yet pled guilty. As of the date of this recommendation, it appears from a review of the docket that all remaining defendants apprehended in this case, with the exception Guerra and Vasquez have pled, or plan to plead, guilty.

(b)(1)(A)(viii). Doc. 1405 at 1-3, 9-10. Trial is scheduled to begin on February 27, 2017. Doc. 1615.

**APPLICABLE LAW**

"[T]he Sixth Amendment guarantees the defendant the right to be represented by an otherwise qualified attorney whom that defendant can afford to hire, or who is willing to represent the defendant even though he is without funds. But the Sixth Amendment also guarantees representation that is free from conflicts of interest." *United States v. Sanchez Guerrero*, 546 F.3d 328, 332 (5th Cir. 2008) (citations and internal quotation marks omitted). And while "there is a presumption in favor of a defendant's counsel of choice … that presumption may be overcome by an actual conflict of interest, or by a showing of a serious potential for conflict. This is true even when a defendant expresses a desire to waive the potential conflict." *United States v. Gharbi*, 510 F.3d 550, 553 (5th Cir. 2007) (citations and internal quotation marks omitted); *accord United States v. Jackson*, 805 F.3d 200, 202 (5th Cir. 2015) (Sixth Amendment "right to counsel of choice is limited if that counsel has an actual conflict of interest or a serious potential conflict of interest that may arise during trial… even if valid waivers are acquired by defense counsel" (citations and internal quotation marks omitted)).

"[A]n 'actual conflict'. . . is a conflict of interest that adversely affects counsel's performance," *United States v. Preston*, ___ F. App'x ___, No. 15-30351, 2016 WL 4245450, at *7 (5th Cir. Aug. 10, 2016) (citation and internal quotation marks omitted), and "an attorney's performance [is] adversely affected by a conflict of interest where counsel could [pursue] a plausible alternative defense strategy or tactic but [chooses] not to do so because of the conflict." *United States v. Apodaca*, 603 F. App'x 303, 304 (5th Cir. 2015) (citation omitted); *see also United States v. Brown*, 553 F.3d 768, 799 (5th Cir. 2008) ("An actual conflict of interest exists

3

if counsel's introduction of probative evidence or plausible arguments that would significantly benefit one defendant would damage the defense of another defendant whom the same counsel is representing." (footnote and internal quotation marks omitted)); *United States v. Burns*, 526 F.3d 852, 856 (5th Cir. 2008) ("Only if counsel had to choose between the divergent or competing interests of a former or current client is there an actual conflict." (internal quotation marks omitted)). "Multiple representation does not necessarily create an actual conflict of interest," which exists only "when the attorney knows that his clients' interests diverge and must then choose between the interests of multiple clients, or be compelled to compromise his duty of loyalty." *Preston*, 2016 WL 4245450, at *7 (citations and internal quotation marks omitted).

That said, when determining whether to disqualify counsel for a conflict of interest, "an actual conflict need not be shown; a serious potential for conflict is sufficient grounds for disqualification." *United States v. Dockens*, 253 F.3d 706 (table), No. 00-40277, 2001 WL 498794, at *2 (5th Cir. 2001) (citing *Wheat v. United States*, 486 U.S. 153, 164 (1988)); *accord Jackson*, 805 F.3d at 203-04; *United States v. Sotelo*, 97 F.3d 782, 791 (5th Cir. 1996) ("A defendant's right to choice of counsel is limited 'not only by a demonstration of actual conflict[ ] but by a showing of a serious potential [for] conflict even where a defendant expresses a desire to waive the potential conflict." (quoting *Wheat*, 486 U.S. at 164)); *United States v. Vasquez*, 995 F.2d 40, 42 (5th Cir. 1993) (same).

As is germane to this case, the United States Court of Appeals for the Fifth Circuit previously has "affirmed [a] district court's decision to disqualify a defense attorney who had previously served as counsel for a government witness, citing the potential for divided loyalties." *Gharbi*, 510 F.3d at 554 (citations and internal quotation marks omitted). Specifically, the Court of Appeals for the Fifth Circuit has repeatedly recognized that "the cross-examination of a

4

current or former client can be a conflict of interest." *Jackson*, 805 F.3d at 203; *see also Sanchez Guerrero*, 546 F.3d at 334-35; *see also Vasquez*, 995 F.2d at 42 ("Government demonstrated that there was a serious potential for a conflict of interest" where counsel was also representing a government cooperator against defendant in a separate case); *see also United States v. Lozano*, 158 F. App'x 632, 635-37 (5th Cir. 2005). The Court of Appeals has explained that "[a]n attorney who cross-examines a former client inherently encounters divided loyalties," when "counsel is placed in the equivocal position of having to cross-examine his own client as an adverse witness. His zeal in defense of his client the accused is thus counterpoised against solicitude for his client the witness." *Perillo v. Johnson*, 205 F.3d 775, 801-02 (5th Cir. 2000).

"The question of whether a disqualifying conflict exists is highly fact-dependent." *Burns*, 526 F.3d at 856 (citation omitted). Thus, in determining the existence of such a conflict, courts are directed to consider the following factors: "(1) whether the attorney has confidential information that is helpful to one client but harmful to the other client; (2) whether and how closely related is the subject matter of the multiple representations; (3) how close in time the multiple representations are; and (4) whether the prior representation has been unambiguously terminated," *United States v. Infante*, 404 F.3d 376, 392 (5th Cir. 2005) (citing *Perillo*, 205 F.3d at 798-99). Also relevant are the "character and extent of the prior representation," i.e. whether it was "transient or insubstantial." *Perillo*, 205 F.3d at 799.

## ANALYSIS

The Government seeks to disqualify Attorney Todd because of his prior representation of Vasquez "in a substantially related case," arguing that:

> (1) Evidence obtained by investigators in the current case reveals that Israel Vasquez and Javier Guerra conspired together to possess with intent to distribute controlled substances; (2) Javier Guerra, presumably, has information about Israel

5

> Vaquez's [sic] role in the conspiracy; (3) the present case is very similar to the case in which Attorney Todd represented Vasquez, (4) Attorney Todd's representation of Vasquez was extensive, (5) Attorney Todd may have to cross-examine Vasquez in the current proceedings, and (6) Vasquez's interests are generally adverse to Guerra's in the present case.

Doc. 1337 at 1-2. They further suggest that the conflict is not waivable. Doc. 1337 at 2. The Government avers that although prosecutors advised Attorney Todd of the potential conflict of interest, as Vasquez is alleged to have been Guerra's drug supplier in the charged conspiracy, Attorney Todd has continued to represent Guerra. Doc. 1337 at 2. Attorney Todd, at a disadvantage since, at the time the motion *sub judice* and his response were filed, no charges alleging the joint criminal conduct of Guerra and Vasquez had been brought, argues largely that there is no overlap of alleged criminal activity between Vasquez, who he ceased to represent in 2010, and Guerra, also a former client, who he began representing in this case in 2015. Doc. 1365 at 1-2.

At the hearing on the motion, the Government offered evidence that, *inter alia*, confidential sources provided information that while a fugitive and residing in Mexico, Vasquez continued to traffic heroin and methamphetamine to the United States through a relative of Defendant Guerra, and that the relative was supplying methamphetamine to Defendant Guerra. Gov. Ex. 1-2. Counsel for the Government also argued that in light of Attorney Todd's previous representation of Vasquez, it would be difficult for the Government to approach either defendant about cooperating against the other.

At the hearing, Attorney Todd averred that he has never possessed any confidential information from Vasquez relating to any criminal activity allegedly involving Guerra. He also expressed that he has had no contact with Vasquez since before he absconded in the prior case, feels no loyalty to Vasquez, and would have no compunction or hesitation in presenting any

6

offers for cooperation against Vasquez to Guerra or cross-examining Vasquez, should he testify at Defendant Guerra's trial.

Guerra, after being admonished by the Court of his Constitutional right to conflict-free counsel and the potential conflict of interest arising from Attorney Todd's previous representation of co-defendant Vasquez, was unequivocal in his desire to continue to be represented by Attorney Todd. Guerra expressed that his confidence in Attorney Todd is bolstered by his previous representation by Attorney Todd on a state felony charge which concluded in a jury verdict of acquittal.

After analyzing the *Perillo* factors in this case, the Court concludes that no disqualifying conflict exists as to Attorney Todd's representation of Guerra. First, there is no evidence that Attorney Todd has confidential information that is helpful to either Guerra or Vasquez but harmful to the other. Attorney Todd has unequivocally stated that he was never privy to any such information, while the Government, based only on the fact of Attorney Todd's previous representation of Vasquez presumes that "Attorney Todd has almost certainly received information from Guerra that implicates Vasquez, since Vasquez was allegedly Guerra's drug supplier." Doc. 1337 at 4. While the Court does not disagree that Vasquez and Attorney Todd likely shared confidential communications during the course of the representation, the Government has pointed to nothing that suggests such communication was related to Guerra or the alleged conspiracy in this case.[2] This presumption does not overcome the veracity of Attorney Todd's representation to the Court otherwise.

---

[2] Although there is suggestion in the earlier case that Vasquez agreed to cooperate with the Government, Dkt. 386, the Government has not offered evidence of any debriefing of Vasquez during which he discussed Guerra's drug-trafficking activities or revealed himself as Guerra's supplier. Yet, presumes Vasquez would have discussed such a connection with Attorney Todd.

Additionally, the Government alleges that the present case is very similar to the case in which Attorney Todd previously represented Vasquez because "[n]ow, Vasquez and Guerra are charged with being part of another methamphetamine-distributing organization, in which they likely received their drugs from the same cartel as Vasquez did in 2008," and "[t]he two organizations appear to have operated in a very similar manner." Doc. 1337 at 5. Other than the fact that both cases/charges involve methamphetamine trafficking, a review of the indictments in each case, Doc. 1405 & Dkt. 1, and the factual resume filed in connection with Vasquez's guilty plea in the previous case, Dkt. 223, reveals no allegations from which a connection between the two can be gleaned. There also appears to be no temporal connection, as the conspiracy in which both Vasquez and Guerra are now charged is alleged to have begun after the Court granted Attorney Todd's motion to withdraw in Vasquez's earlier case and while Vasquez was still a fugitive. Further, there is nothing to contradict Attorney Todd's averment that his representation of Vasquez was unambiguously terminated upon the Court's grant of his motion to withdraw as counsel in Vasquez's earlier case, and the Government has conceded as much. Doc. 1337 at 6. Thus, an analysis of the *Perillo* factors favors a finding of no disqualifying conflict.

Under the category of "other circumstances" that might warrant disqualification, the Government's argument that Attorney Todd might have difficulty vigorously cross-examining Vasquez if called upon to do so, Doc. 1337 at 7-8, is pure conjecture, especially in light of Attorney Todd's representation at the hearing to the contrary. It certainly is not sufficient, without more, to deprive Guerra of his right to counsel of his choice. And, under the facts and circumstances of this case, the Government's assertion that Attorney Todd violates the Model Rules of Professional Conduct by representing Guerra "in the same or a substantially related matter," Doc. 1337 at 9, likewise fails. Even if the Model Rules were authoritative, as discussed

8

*supra*, the Government has not established that Vasquez's earlier case, which was all but concluded before the start of the conspiracy alleged against Vasquez and Guerra in this case, are substantially related.

**CONCLUSION**

Based on the foregoing, *Government's Motion to Disqualify Attorney Michael Todd*, Doc. 1337, should be **DENIED**.

**SO RECOMMENDED**, December 22, 2016.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE